FILED
2013 May-28  PM 01:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

Case 4:13-cv-00976-UWMAS-RRA   Document 1-1   Filed 05/23/13   Page 1 of 7

## STATEMENT OF FACTS ON REHEARING EN BANC

The instant case concerns the conviction of a non-resident defendant who was convicted in an Alabama circuit court pursuant to a plea of guilty, and who has asserted that but for the violations of Due Process and other Constitutional rights at trial, he would not have pled guilty because he is in fact actually innocent.  Appellant is 52 year old resident of the Commonwealth of Virginia who has no prior convictions, but for a single misdemeanor DUI offense when he was a student over 25 years ago.  He is highly educated, with a M.Sc. degree from Mississippi State University, Starkville, MS , awarded in 1985, and a Ph.D. degree from Texas A&M University, College Station, TX, awarded in 1989.  He has a son, a daughter, and two grand children. He is a professional in his field of expertise, publishing in national and internationally-refereed journals.

The genesis of the 'criminal conviction' in Alabama which is the subject of this appeal is a civil controversy over a contract for oil services between appellant and a native of Nigeria residing in Lee County, Alabama. The contract was prepared in Virginia, and was reviewed by the Alabama party, who read and initialed each page to show his understanding of, and agreement with, the terms thereof.  The Nigerian native is a 55 year who owns and operates a company in Lee County, and therefore has broad experience in dealing with similar contracts. Given the diversity of states, the parties agreed in the "Applicable Laws" provision of the contract to the following:

> "The laws of the United States of America shall govern the validity and performance of this Agreement. The Courts located in any of the Federal Judicial Districts at all levels shall have exclusive legal jurisdiction for this agreement."

When a contract dispute ensued between the parties in 2007, the Alabama party filed a civil action in the circuit court in Lee County, Alabama where he lives and not where jurisdiction over the cause of action was proper.  In the civil action filed under case number CV-07-900126, the Alabama party sued essentially for a breach of contract claim, and requested damages of

$70,000, representing 350% of the $20,000 to which the Virginia party was exposed to the Alabama party under the contract.

In his civil suit, the Alabama party did not claim that the subject matter of the contract was a 'security' or that appellant has sold him a security, as defined under Alabama securities laws. A breach of contract claim consists basically of two aspects: (1) that a valid and legal contract exists between the parties, and (2), that one of the parties to the contract violated the terms of that legal contract. Therefore, by suing for a breach of contract, the Alabama party agreed that the contract was a valid document between the parties.

Despite the governing laws of the contract, other facts pointed to the lack of the jurisdiction of the Alabama circuit court. Appellant's limited liability company had no agents, agencies, offices, officers, or business relationship with the Alabama. None of the activities agreed under the contract was to ever take place in Alabama, or the United States for that matter. The contract was not prepared or executed in Alabama and none of the officers of the Virginia company ever came to Alabama to discuss the contract; in fact, prior to the criminal action, no officer of the company including appellant had ever been to Alabama for any reason, including even as a tourist.

Because the civil suit was lodged in an inappropriate jurisdiction, appellant through counsel filed a motion for dismissal of the civil lawsuit due to the lack of jurisdiction of the Lee County Circuit Court since the interpretation and enforcement of the contract was subject to federal district courts. At the same time, efforts were initiated through the attorneys to reach an amicable settlement.

On August 8, 2008, however, the Lee County Circuit Court (Walker, J.) dismissed the Alabama party's civil suit without prejudice, assuming that a settlement had been reached.

In the civil lawsuit, the Alabama party was represented by an attorney who has close personal ties with the head of the Alabama Securities Commission ("ASC"). Through this connection, the ASC entered the civil controversy on behalf of the Nigerian. The ASC initiated a

"secret" indictment of the Virginia resident in the Lee County Circuit Court to which appellant and his attorney in Lee County were not even aware that an indictment was under way. That indictment was unsealed in Lee County on May 13, 2008, charging appellant with violation of 5 counts of Alabama securities law, and one count of theft of property emanating from the money paid by the Alabama party under the contract. The ASC accomplished this feat by simply re-labeling the contract as a security as broadly defined under the Alabama securities law, and hence various security-related offenses such as failure to register as an agent of security, etc. It did not matter that in the civil lawsuit filed earlier, the Alabama party had not claimed that the relationship with appellant had anything to do with securities.

When the indictment was unveiled on May 13, 2008, the clerk of the Lee County Circuit Court prepared and signed a felony arrest warrant to arrest appellant at his residence in Herndon, Virginia. Both the indictment and the warrant were issued outside of the subject matter (territorial) jurisdiction of the state. In order to effect an arrest, the state simply declared appellant as a "fugitive from justice" from Alabama, even though appellant was not even aware that he had been indicted in Lee County, Alabama and was therefore not running away from the jurisdiction.

Petitioner came to Lee County and turned himself over to the Sheriff's Department in May 2008. He posted bail of $50,000, and pled "not guilty" at the subsequent arraignment. He retained attorney in Lee County and prepared for trial. He had to make several trips from Virginia to Alabama in order to consult with his attorney and to participate in preliminary hearings at the court.

However, the financial costs of litigating in the forum state (Alabama) (high bail, travel, hotel, attorney costs, etc.) significantly impaired petitioner's financial capability to fully pay his retained attorney just before the trial. The trial judge therefore called a "status conference" on January 8, 2010 to inquire about the payment still owed to appellant's retained attorney. At the status conference, the trial judge, in an abuse of discretion, ordered that appellant bond would be

-3-

withdrawn if he did not pay his own retained attorney.  Furthermore, the trial judge ordered that in the event that petitioner has not paid his attorney by the date set by the court, the trial judge would appoint him an attorney, but that he (judge) would not grant continuance to enable the newly appointed attorney to prepare for trial. Petitioner's retained attorney was, at the time of his legal representation, serving as an acting circuit judge of Lee County Circuit Court with responsibility for the family court, and was therefore a judicial colleague of the trial judge.

When appellant's retained counsel withdrew from the case for lack of payment, the judge appointed him counsel 6 business days to the trial, and then refused continuance to allow time for the newly appointed attorney to prepare for trial. Appellant sent a written plea to his attorney and to the trial judge on January 16, 2010 for continuance, stating that his newly appointed attorney needed time to get familiar with the case, review the case file, and prepare for a defense, but the judge still refused continuance.  Thus, the appellant was effectively denied counsel at trial in violation of his U.S. Constitution Sixth Amendment rights.  The effective denial of counsel was such a structural error that it affected petitioner's ability to have a fair trial.

The trial was scheduled for January 25, 2010. Appellant, who resided in Herndon, VA was able to meet with his court-appointed attorney for the very first time on the morning of the trial, about 30 minutes to jury selection. At that brief meeting held in a side room at the Lee County Courthouse, the attorney informed appellant that he had no training or experience in securities law, which constituted 5 of the 6 felony counts in the indictment. Furthermore, he also stated that he had not had time to prepare for trial, and that he had not read the case file or review the discovery materials. He then told appellant that he should plead guilty, and given his lack of prior criminal record and high level of education, he would get his records expunged through a pardon from the governor in year or so.

Appellant reiterated that he was not guilty, had pled not guilty at the arraignment, and insisted on going to trial.  He noted that the state's case was not strong, and that he had provided

all evidence in support of his case to his previous retained attorney, and these materials were in the case file.

The court-appointed attorney stated that if appellant insisted on going to trial, he (attorney) was willing to, to paraphrase him, go into court and go through the motions of putting up a defense, but at the end of the day, he would be found guilty because he (attorney) was not ready, and a guilty verdict from the jury would put petitioner for a long time in an Alabama state prison.

Thus, given the confluence of an intimidating trial judge, late appointment of counsel, and refusal of continuance for the counsel to prepare, and an ineffective counsel, petitioner was forced to plead guilty to Count 6 (theft of property) and on this basis Counts 1 through 5 the securities charges were dismissed.  Appellant was sentenced to 2 years suspended and ordered to make restitution of about $25,000, representing the initial $20,000, plus interests and court costs.

However, even though the trial judge knew that appellant was unable to pay for his retained attorney and therefore the court had to appoint him an attorney, the judge order that the restitution of $25,000 was to be made in 60 days!  When, at the end of the 60-day period, the restitution was not made, the trial judge revoked petitioner's probation and sentenced him to 2 years in Alabama state prison.

As soon as appellant was sentence to state prison, the Alabama party when back to the circuit court, reinstated the civil case, and got a summary judgment for $70,000, representing 350% of his initial exposure; this was in addition to the restitution of $20,000 ordered by the court in the criminal case.

Now in state prison, without counsel, and proceeding *pro se*, petitioner filed a post-conviction petition on January 31, 2011 to vacate the conviction and sentence based on the violations discussed earlier. On December 6, 2011 after nearly a year, the circuit judge dismissed the petition and denied the claims for relief.

Appellant filed a timely appeal of the denial of his post conviction petition to the Alabama Court of Criminal Appeals.  On appeal, several key documents such as the indictment and relevant court orders which would have supported appellant's claims were left out of the appellate record. The appellate court affirmed the conviction and sentence passed by the circuit court on November 30, 2012.  However, in its ruling, the appellate court noted *sua sponte* that from its review of the transcript of the guilty plea transcript, appellant's guilty plea was devoid of a factual basis. However, the appellate court held that this deficiency was not before it because petitioner had not raised it in the post-conviction petition, and that therefore, petitioner needed to make a separate motion to set aside his guilty plea. The appellate court then went ahead and affirmed the lower court even though it had held that the guilty plea on which the conviction was based lacked a factual basis.

Appellant then filed a Motion for Rehearing predicated on several grounds, including a claim that affirmance of the lower court was contrary to the appellate court's own determination that the guilty plea on which the conviction was anchored was devoid of a factual basis.

**January 1, 2013**

**I, RUDOLPH A. POLSON, PETITIONER, DO HEREBY ATTEST THAT THE STATEMENT OF FACTS HEREIN IS THE VERBATIM COPY OF WHAT WAS ATTACHED TO THE MOTION FOR REHEARING.**

Date: May 22, 2013

**Rudolph A. Polson**
**Petitioner, Pro Se**