IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUDOLPH POLSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:13cv366-WHA |
| ) | (WO) |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus filed on May 22, 2013. The petitioner, Rudolph Polson ("Polson"), challenges his conviction, pursuant to his guilty plea, for first degree theft of property by deception entered against him by the Circuit Court of Lee County, Alabama. On January 25, 2010, Polson pled guilty to one count of theft by deception and was sentenced to a term of imprisonment of twenty four months. The trial court initially ordered Polson to serve probation contingent on Polson paying restitution and court costs within sixty (60) days of the imposition of probation. (Doc. # 21, Att. 1, Ex. I). On June 3, 2010, the court revoked Polson's probation for his failure to pay restitution and other costs as previously ordered. (Doc. # 17, Ex A1). Polson began serving his two year sentence at that time. Polson did not appeal his guilty plea, sentence or probation revocation. (Doc. # 9, Ex. A).

Pursuant to the orders of this court, the respondents filed an answer and two supplemental answers. *See* Docs. # 9, 15 & 21. In their answer and supplemental answers,

the respondents argue that the instant petition is due to be dismissed for lack of jurisdiction because Polson was not "in custody" at the time he filed his habeas petition. *See* 28 U.S.C. § 2254(a). *See also*, *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Polson admits that he was in the custody of federal immigration authorities when he filed the petition, and he was taken into custody pursuant to a detainer by Immigration and Customs Enforcement upon the completion of his state sentence on May 7, 2011. (Doc. # 1 at 11). Consequently, the respondents assert that Polson was not in custody within the meaning of the habeas statutes with respect to the conviction that he now challenges.[1]

---

[1] In the alternative, the respondents argue that Polson's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Because Polson did not take a direct appeal, his conviction became final on March 8, 2010 – forty-two days after imposition of sentence and the date on which his time to file a direct appeal expired. Polson filed a Rule 32 petition which he signed and had notarized on January 25, 2011. (Doc. # 1, Ex. B). However, the Circuit Court of Lee County stamped the Rule 32 petition filed January 31, 2011. (*Id.*). The trial court denied his petition on December 5, 2011. (*Id.* at Ex. D). Polson appealed to the Alabama Court of Civil Appeals which on November 20, 2012, affirmed the denial of his Rule 32 petition. Polson filed a petition for certiorari in the Alabama Supreme Court which on April 13, 2013, denied the petition and issued the certificate of judgment. The petition for habeas relief was filed on May 22, 2013.

Polson contends that his Rule 32 petition was delivered to prison officials on the day he signed it, January 25, 2011. Thus, according to Polson, when he filed his Rule 32 petition, 323 days of the one year limitation period had expired. The petition remained pending in the state courts until April 12, 2013 when the Alabama Supreme Court denied his petition for certiorari and the Alabama Court of Civil Appeals entered a certificate of judgment. (Doc. # 9, Ex. B-J). Thus, on April 12, 2013, Polson had 42 days remaining in the limitation period within which to file his habeas petition. Polson filed his petition on May 22, 2013, two days before the limitation period expired.

The respondents assert that because the Alabama Court of Criminal Appeals determined that Polson filed his Rule 32 petition on January 31, 2011, the limitations period expired on May 18, 2011. However, May 18, 2011 fell on a Saturday so Polson had until May 20, 2013 to file his federal habeas petition. According to the respondents, Polson filed his federal petition on May 22, 2013, two days after the limitation period expired, and is time-barred.

Although the Rule 32 petition does not indicate when it was delivered to prison officials, Alabama follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston, supra*; *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, the court assumes that a prisoner delivered a filing to prison officials on the date that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012). Contrary to the assertion of the respondents, the opinion of the Alabama

Polson, on the other hand, asserts that he remained "in custody" because he was being detained by federal immigration authorities by virtue of his 2010 conviction. He further argues that he remained in custody because he was suffering collateral consequences, including the threat of deportation proceedings. Finally, relying on a statement on the case action summary sheet that "[u]pon release the Defendant is to report to the Court for a payment plan and review date," Polson argues that he was not "unconditionally released" because he was required to report back to the Circuit Court of Lee County when he was released from prison. According to Polson, the court should liberally construe the habeas statutes to conclude that he was "in custody" at the time he filed this habeas petition.

The federal habeas statutes give the court jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). *See also* 28 U.S.C. § 2241(c); *Maleng*, 490 U.S. at 490. For this court to have jurisdiction over Polson's petition, Polson must have "be in custody under the conviction he is attacking at the time the habeas petition is filed." *Maleng*, 490 U.S. at 490-91. "Whether a petitioner is "in custody pursuant to the judgment of a State court" is a jurisdictional question." *Diaz v.*

---

Court of Civil Appeals does not make a finding regarding the date that the petition was filed; rather, the court merely recites that filing date as January 31, 2011. Thus, without more and applying the mailbox rule, the court assumes that Polson delivered his petition to prison officials on January 25, 2011, and deems that date as the filing date. Polson's petition was timely.

*State of Fla. Fourth Judicial Circuit ex rel. Duval Cty.*, 683 F.3d 1261, 1263 (11th Cir. 2012).

> Federal courts have jurisdiction to entertain habeas corpus petitions "only from persons who are *'in custody* in violation of the Constitution or laws or treaties of the United States.'" *Cook,* 490 U.S. at 490, 109 S.Ct. at 1925 (quoting 28 U.S.C. § 2241(c)(3)). We have construed this requirement "very liberally," *Diaz*, 683 F.3d at 1264 (quotation omitted), and it is by now well-settled that the "use of habeas corpus [is] not ... restricted to situations in which the applicant is in actual, physical custody," *Jones v. Cunningham,* 371 U.S. 236, 239, 83 S.Ct. 373, 375, 9 L.Ed.2d 285 (1963). Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public. *Id.* at 240–43, 83 S.Ct. at 375–77. For example, the Supreme Court has extended habeas review to petitioners released on parole, *id.* at 242–43, 83 S.Ct. at 377, released on their own recognizance pending execution of a sentence, *Hensley v. Mun. Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 1575, 36 L.Ed.2d 294 (1973), and free on bail, *Lefkowitz v. Newsome,* 420 U.S. 283, 291 & n. 8, 95 S.Ct. 886, 891 & n. 8, 43 L.Ed.2d 196 (1975).

*Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015)

In his habeas petition, Polson is seeking "to vacate the conviction and sentence imposed by the Circuit Court of Lee County, Alabama on January 25, 2010." (Doc. # 1 at 2). He admits that he completed his state sentence on May 7, 2011 at which time he was "taken into custody by federal immigration authorities." (*Id*. at 11). Thus, when Polson filed this habeas petition on May 23, 2013, he had completed service of the sentence imposed by the state court and was being held on a federal immigration detainer. *See Birotte v. Sec'y for the Dep't of Corrs.*, 236 F. App'x 577, 577 (11th Cir. 2007) (Petitioner was "not "in custody" with respect to the conviction he was attacking, as he had already served his 30-month sentence.").

4

Even broadly interpreting the "in custody" requirement, "the term still requires that the state exercise some control over the petitioner." *Howard*, 776 F.3d at 775. *See also Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). Polson was not under "any "present restraint" attributable to his state conviction when he filed the present 2254 petition." *See Diaz*, 683 F.3d at 1264-65. There is no evidence in the record that, at the time Polson filed this 2254 petition, the state was 'exercising ongoing control over [him] based on [his conviction.]" *Howard*, 776 F3d. at 776. While the court in *Maleng* acknowledged that a prisoner does not have to be physically confined to be in custody to challenge a conviction, the court has "never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491. Thus, the court concludes that, because Polson's sentence expired on May 11, 2011 when he completed his term of incarceration, at the time he filed this § 2254 petition in May 2013, he was no longer in custody on the conviction that he seeks to challenge, and the court lacks jurisdiction to entertain his claims.

Polson argues that he was in custody because he was suffering and will continue to suffer "continuing injuries" or collateral consequences from his conviction, including the possibility of removal by immigration authorities as well as damage to his reputation, loss of employment opportunities and scrutiny from law enforcement officers. *See* Doc. # 1 at 11. *Maleng* makes it crystal clear that "[o]nce the sentence imposed for a conviction has

5

completely expired, the collateral consequences of that conviction are not themselves sufficient to render the individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.

In *Llovera-Linares v. Florida*, 559 F. App'x 949 (11th Cir. 2014), a factually similar case, the Eleventh Circuit recently affirmed a determination that Llovera-Linares was not in custody when he was taken into federal immigration custody after he was released from state custody. While he was awaiting deportation, Llovera-Linares filed a habeas petition seeking to vacate the state conviction that permitted immigration authorities to detain him. The court found that

> Llovera-Linares's immigration detention is not a direct consequence of his 2007 Florida state court convictions. Rather, Llovera-Linares's present immigration detention is a collateral consequence of his state court convictions.

559 F. App'x at 952. The court concluded that Llovera-Linares did not meet the in custody requirement for habeas relief. *Id*. *See also Birotte*, 236 F. App'x at 579 ("the collateral consequences of his prior conviction – the removal order – is insufficient to render him in custody for the purpose of 2254(a)."). For the same reasons, Polson does not meet the "in custody" requirement in this case.

Finally, Polson argues that he was in custody because in the order revoking his probation, he was ordered "to report to the Court for a payment plan and review date." (Doc. # 17, Ex. A1). This order arose from the revocation of his probation for failure to pay restitution. Thus, even if the order to report to the court for development of a payment

6

plan is a significant restraint, it is not a restraint pursuant to his conviction. The mere fact that Polson was still required to pay restitution is insufficient to render him "in custody" for jurisdictional purposes. *See Duvallon v. Florida*, 691 F.2d 483, 485 (5th Cir. 1982) (requiring petitioner to pay a fine did not equate to being "in custody" for purposes of § 2254). When faced with the question of whether the imposition of special assessment or fine is a sufficient restraint on a petitioner to establish that he is "in custody" for the purpose of habeas relief, the Third Circuit succinctly and persuasively held

> [T]he monetary component of a sentence is not capable of satisfying the "in custody" requirement of federal habeas statutes. *See Obado v. New Jersey,* 328 F.3d 716, 718 (3d Cir. 2003) (per curiam) ("The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes."); *cf. Barry,* 128 F.3d at 161 (distinguishing "fine-only" sentences where a petitioner is not "in custody" from sentences that restrict a petitioner's physical liberty on the basis that "fine-only" sentences "implicate only property, not liberty"). Our sister circuits too have held that fines, restitution orders, and other monetary penalties are insufficient to meet the "in custody" requirement. *See Bailey v. Hill,* 599 F.3d 976, 982 (9th Cir. 2010) (holding that a restitution order alone is insufficient to trigger the "custody" requirement); *Washington v. Smith,* 564 F.3d 1350, 1350 (7th Cir. 2009) (affirming denial of state habeas relief on a claim of ineffective assistance of counsel with respect to the restitution amount, "because it does not attack a custodial aspect of Washington's sentence and, thus, does not state a claim for relief under the habeas corpus statutes"); *Mamone v. United States*, 559 F.3d 1209, 1209–12 (11th Cir.2009) (per curiam) (holding that a restitution order cannot be challenged in a section 2255 motion because a claim seeking discharge or reduction of a restitution order does not claim the right to be released from custody, even if it accompanies other claims that actually claim the right to be released from custody); *Erlandson v. Northglenn Mun. Court,* 528 F.3d 785, 788 (10th Cir. 2008) ("We agree with the district court that the payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes." (brackets and internal quotation marks omitted)); *Kaminski*

7

>   *v. United States,* 339 F.3d 84, 89 (2d Cir. 2003) (holding that a restitution order of $21,000 does not constitute "custody" within the meaning of section 2255); *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003) (applying "the plain and unambiguous language" of section 2255 to hold "that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody"); *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir.1994) (holding that a $30,000 fine was not a sufficient restraint on liberty to meet the "in custody" requirement of section 2255); *United States v. Michaud,* 901 F.2d 5, 7 (1st Cir.1990) ("A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." (internal citations omitted)). *But see United States v. Jones,* 403 F.3d 604, 607 (8th Cir. 2005) (holding that the defendant's *Strickland* claim merited relief under section 2255 in part because the defendant was required to pay a $100 special assessment, which the court stated constituted actual prejudice under *Strickland* ); *United States v. Bass,* 310 F.3d 321, 330 (5th Cir. 2002) (failing to cite *Segler* and stating that the defendant was prejudiced by his counsel's ineffective assistance when he was sentenced to pay an additional $50 assessment).

*United States v. Ross*, 801 F.3d 374, 380-81 (3rd Cir. 2015).

Polson cannot claim a right to challenge his 2010 conviction solely on the basis of an order related only to the requirement that he pay restitution. When Polson filed this habeas petition, he was not "claiming a right to be released," and the imposition of restitution and fines "cannot serve as the basis for a [habeas] claim." *Id.* at 382.

Therefore, the court concludes that the sentence imposed upon Polson for his state conviction expired prior to the filing of this federal habeas petition, and Polson is prevented from challenging that 2010 conviction in this federal habeas proceeding. Based on the foregoing, the court concludes that the petition for writ of habeas corpus is due to be dismissed for lack of subject-matter jurisdiction as the petitioner was not "in custody" on

the challenged conviction when he filed the petition.  *See Maleng,* 490 U.S. at 490.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed for want of jurisdiction.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 21, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 9th day of September, 2016.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE